

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable R. N. McLaughlin
County Attorney
Moore County
Dumas, Texas

Dear Sir:

Opinion No. 0-1384
Re: Residence of minors apart
from parents for school
purposes.

We are in receipt of your letter of September 2, 1939, requesting the opinion of this Department in which you state the following facts:

"Two boys, eighteen years old now, have lived in the County and Independent School District for about ten years. Last year, while they were working in town after school hours and on holidays, making their board and room while going to school, their parents moved to the State of Louisiana. The boys stayed with their jobs during the summer and at all times renting and paying board and room rent at another house during last year, and are now doing so. They have never moved to the State of Louisiana, in fact they have never left the Independent School District, but have at all times kept their residence in said School District. The Superintendent wants these boys to pay tuition, about $7.00 a month, if they finish school, and they both will be in their Senior year."

You refer to Article 2904a and state that the independent school district levies and collects a maintenance tax for school purposes at the rate of One Dollar on the One Hundred Dollar valuation. The following questions are submitted for our opinion:

"1. Is the above statute mandatory or would the boys, under the statement of facts, be entitled to go to school without paying tuition?

Hon. R. D. McLaughlin, page 2.

"2. what procedure, in case the Superinten-
dent insists that they cannot enter school without
paying tuition?"

It is apparent from your letter that you are concerned
with the residence of these boys and are not raising a question of
the authority of the school board to collect tuition from all students
uniformly over eighteen years of age. We assume that tuition is
sought to be collected solely on the basis of their residence and
therefore confine our opinion to the question of residence. Nothing
herein shall be construed as expressing an opinion upon the questions
raised by certain language in the case of Love vs. City of Dallas
(Sup. Ct. 1931) 40 S. W. (2d) 20.

Section 1 of Acts, 1935, 44th Legislature, p. 351, Ch. 127,
Article 2922L (1) Vernon's Annotated Civil Statutes, reads as follows

"The board of trustees of any common or independent
school district, whether organized by General or Special
law, which levies and collects a maintenance tax for the
purpose of supplementing the available school fund received
from the State and county shall admit into the public
schools of the district free of tuition, all persons who
are over six but not over twenty-one years old at the
beginning of the scholastic year, if such person or his
parents or legal guardian reside within said common or
independent school district."

This identical language is contained in Section 1, Acts,
1931, 42nd Legislature, First Called Session, p. 33, Ch. 20, Vernon's
Annotated Civil Statutes, Article 2904A.

Article 2902, Revised Civil Statutes, 1925, provides as fol-
lows:

"All children without regard to color over six years
of age and under eighteen years of age at the beginning of
any scholastic year, shall be included in the scholastic
census and shall be entitled to the benefits of the public
school funds for that year. The board of school trustees
of any city or town or independent or common school district
shall admit to the benefits of the public schools any person
over six and not over twenty-one years old at the beginning
of the scholastic year if such person or his parents or
legal guardian reside within said city, town or district."

Hon. R. E. McLaughlin, page 3

Article 2904, Revised Civil Statutes, 1925, provides in part:

"The trustees of schools shall have the power to admit pupils over and under scholastic age either in or out of the district on such terms as they may deem proper and just; . . ."

Although the domicile of a minor is ordinarily that of the parents it is well established in this jurisdiction that for purposes of attending the public free schools, a minor may acquire a "residence" separate and apart from that of the parents. Ordinarily a bona fide residence separate and apart from the parents, within the contemplation of our school laws, is not established by the mere physical presence of the minor in another district or by his living temporarily in another district for the purpose of attending school. However, if such minor has in good faith established a substantial residence and not merely an ostensible residence for the purpose of attending school then such child is considered as having established a residence apart from the parent and entitled to the same school benefits as other like children in the district.

The general rule was stated in an opinion rendered by this Department, dated November 4, 1905, to the Honorable R. B. Cousins, State Superintendent of Public Instructions, as follows:

"If the children have merely an ostensible and not a substantial residence in the district, if they were sent to Rockdale for the sole purpose, or even for the main purpose, and participating in the advantages of the public schools of Rockdale, they are not entitled to free tuition.

"But if they were sent to reside in Rockdale in good faith in order to give them suitable homes, with the intention on the part of the father and of the persons in whose care he placed them, that the children should reside there permanently; if the educational advantages of the residence in Rockdale were merely incidental to their going there, and other considerations induced the father in good faith, to select that place as their home, I think the children are residents of Rockdale within the meaning of the school law, and entitled to free tuition there, notwithstanding that the domicle of the father is elsewhere."

Each case must depend upon its own facts, however, based solely upon the facts and circumstances stated in your letter, it is

781

Hon. R. W. McLaughlin, page 4

our opinion that the two boys referred to have a substantial residence in the independent school district and would be entitled to attend the public free school of said district upon the same terms and conditions as though their parents were also residing in the district.

It is to be presumed that the school superintendent will comply with the applicable law when advised of the rights of the parties, and for this reason your second question does not require an answer.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Cecil C. Cammack
Assistant

CCC:N

APPROVED
OPINION
COMMITTEE
BY ____
CHAIRMAN

APPROVED SEP 15, 1939
Gerald C. Mann
ATTORNEY GENERAL OF TEXAS